# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> SPIROS ROMENSAS (2), <br> Defendant. | CASE NO. 12CR1073 WQH <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the motion to suppress evidence arising from out-of court identification filed the Defendant Spiros Romensas. (ECF No. 127).

## BACKGROUND

The investigation in this case involved a series of bank robberies which took place from January 17, 2012 through February 28, 2012. During the investigation, police officers put out a "be on the look out" (BOLO) bulletin to county law enforcement to look for a maroon/burgundy Chevrolet Silverado.

On February 29, 2012, Agent Arnold Aldana of the Federal Bureau of Investigation conducting an investigation into the February 28, 2012 bank robbery contacted Rostom Arshak, a tow truck driver at the Pep Boys parking lot on El Cajon Boulevard. Arshak described an encounter that Arshak had on February 28, 2012 with an unknown male sitting in the driver's seat of a truck which was backed into a stall at

the Pep Boys parking lot. Arshak stated that the unidentified male started yelling at him as Arshak attempted to drop off a client's vehicle. Arshak realized that he had blocked in the parked truck. Arshak stated that he backed up his tow truck to allow the unknown male in the parked truck to pull out and that he noticed another male jumping into the passenger side of the truck as Arshak backed up. Arshak provided a description of the parked truck, the driver, and the other male. Arshak told Agent Aldana that he would be able to recognize the driver of the parked truck again. Before concluding the interview, Agent Aldana showed Arshak a photograph of a maroon/burgundy colored truck taken from surveillance video on the day of the robbery. Arshak identified the truck in the photograph as the truck that he had was blocked into the parking stall at the parking lot.

On March 1, 2012, a San Diego Sheriff's Department Detective conducting an unrelated investigation at the A-American Storage facility in El Cajon observed a truck matching the BOLO description. Further investigation produced a licence plate number for the truck which was registered to Spiros Romensas and information that Spiros Romensas and Steve Ruby had storage lockers at the storage facility.

On March 8, 2012, Defendant Steve Ruby and Defendant Spiros Romensas were arrested.

On March 21, 2012, Agent Aldana conducted a second interview with Arshak. During the interview, Arshak was shown six individual 8 X 10 colored photographs which were obtained by Task Force Officer John English. The photographs were marked with a number on the back and placed on a counter in front of Arshak in random order. Arshak examined each photograph separately and collectively. Arshak immediately dismissed photographs 1, 2, 3, and 5. Arshak looked at photographs 4 and 6 again and could not identify the driver of the truck from either photograph. Arshak indicated that he was only 60 percent certain the driver of the truck was number 6 (not Romensas), and 20 percent sure it was number 4 (Romensas). Arshak signed the Photo

Line-up Admonishment. (ECF No. 137-1).

On May 16, 2012, the grand jury returned a superseding indictment charging the Defendant Romensas with two counts of bank robbery including the robbery on February 28, 2012 at the Wells Fargo Bank on 617 El Cajon Boulevard. (ECF No. 26).

**CONTENTIONS OF THE PARTIES**

Defendant moves to suppress the out-of court identification and any possible in-court identification by the tow truck driver Arshak at trial on the grounds that 1) the photographic lineup was tainted by suggestiveness, 2) the tow truck driver's view of the defendant was impaired at the parking lot, and 3) the tow truck driver's degree of uncertainty.

The Government contends that the photo identification was not impermissibly suggestive. The Government contends that any in-court identification made by the witness would be reliable.

**RULING OF THE COURT**

"Suggestive pretrial identification procedures may be so impermissibly suggestive as to taint subsequent in-court identifications and thereby deny a defendant due process of law." *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985). "Suggestive confrontations are disapproved because they increase the likelihood of misidentification...." *Neil v. Biggers*, 409 U.S. 188, 198 (1972). "[E]ach case must be considered on its own facts, and []convictions based on eye witness identification at trial following a pretrial identification by photograph will be set aside [] only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Id.* at 196-97 (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)).

Courts employ a two-step analysis to determine the admissibility of identification testimony. *United States v. Love*, 746 F.2d 477 (9th Cir. 1984). "First, it must be determined whether the procedures used were impermissibly suggestive. If so, it must

then be determined whether the identification was nonetheless reliable." *Id.* at 478. Defendant bears the burden of proving that the identification procedure was impermissibly suggestive. *See Johnson v. Sublett*, 63 F.3d 926, 929 (9th Cir. 1995).

A review of the photographs shown to Arshak, the tow truck driver, indicates that the individuals depicted are very similar in appearance and that the photographs are not improperly suggestive. There are no differences between the Defendant's photograph and the other photographs that create a suggestion that the Defendant is the offender. *See United States v. Burdeau*, 168 F.3d 352, 357-58 (9th Cir. 1999)

There are no facts to suggest that any in court identification by the witness would be the result of any suggestive identification procedure. The witness had ample opportunity to view the Defendant; and the lapse of time between the crime and the identification was not significant. In the event that the witness identifies the Defendant in court, the Defendant will be free to offer any evidence of uncertainty at the photograph identification.

IT IS HEREBY ORDERED that the motion to suppress evidence arising from out-of court identification filed the Defendant Spiros Romensas (ECF No. 127) is denied.

DATED: April 2, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge